IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| Lee Roy Smith, ) | C/A No. 8:02-2627-18 |
| Plaintiff, ) |  |
| v. ) | **ORDER and OPINION** |
| Mickey E. Ray; J.D. Castillo; ) | |
| Jose A. Serrano; Juan F. Carmona Jr.; ) | |
| Lisa Morgan-Johnson; Jack Fox; Douglas E. ) | |
| Holford; and the United States of America, ) | |
| Defendants. ) | |

This matter is before the court on the magistrate judge's Report and Recommendation ("Report") that defendant United States's motion to dismiss be granted, and that plaintiff's non-dispositive motions be resolved as discussed below. This record includes the Report of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). For the reasons articulated below, the magistrate judge's recommendations are affirmed.

**I.    PROCEDURAL BACKGROUND**

This civil rights matter was filed on July 22, 2002[1] pursuant to <u>Bivens v. Six Unknown Named Agents of the FBI</u>, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(b)(1), with pendant state-law tort claims. Plaintiff Lee Roy Smith, a federal prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u>, complains that the medical treatment he received while incarcerated at the Federal Correctional

---

[1] July 22, 2002 is the <u>Houston v. Lack</u>, 487 U.S. 266 (1988) "delivery date." The action was docketed with the court on September 3, 2002.

Institution ("F.C. I."), Estill, South Carolina, was cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff originally named Micky E. Ray, Warden, FCI-Edgefield; J. D. Castillo, Heath Service Administrator, FCI-Edgefield; Juan F. Carmona Jr., Lieutenant, FCI-Edgefield; Lisa Morgan-Johnson, Counselor, FCI-Edgefield; Jack Fox, Unit Manager, FCI-Edgefield; and Douglas Holford, Contracted Orthopedic Specialist for FCI-Edgefield. He also brings claims of retaliation, conspiracy, negligence, and a FTCA claim for medical malpractice. Plaintiff seeks medical care and over $10,000,000.00 in damages.

Plaintiff previously filed his Bivens and FTCA claims in Civil Action No. 2:01-239-18 on January 9, 2001.[2] In that matter, this court granted the individual defendants' motion for summary judgment as to the Bivens claims, which included inadequate medical treatment and retaliation. The court also dismissed plaintiff's FTCA claims because the court determined that plaintiff had not exhausted his administrative remedies in compliance with the FTCA prior to filing suit. (Order of Dec. 12, 2001.)

The December 12, 2001 order in C/A No. 01-239 also addressed the issue of whether defendant Holford was served in accordance with Fed. R. Civ. P. 4(e)(2) by serving him with a summons and complaint at the Edgefield Federal Correctional Institution (Edgefield - FCI). Ultimately, Edgefield-FCI returned plaintiff's summons and complaint with notice that Holford was not at that address, and plaintiff was never able to serve defendant Holford within the 120-day period as required under Fed. R. Civ.

---

[2] January 9, 2001 is the Houston v. Lack "delivery date." The action was docketed with the court on January 30, 2001.

P. 4(m).  Consequently, defendant Holford was dismissed as a party from C/A No. 01-239.  This court adopted the report and recommendation of the magistrate judge in C/A No. 01-239, which the Fourth Circuit Court of Appeals subsequently affirmed.  See Smith v. Ray, 36 Fed. Appx. 99 (4th Cir. June 3, 2002) (unpublished).  Following the circuit court ruling, this court denied plaintiff's Rule 60(b) motion for relief of judgment. (Order of Dec. 2, 2003.)

In this action, this court dismissed all individual defendants, save Holford, in an order dated November 4, 2003, and remanded plaintiff's claims against Holford to the magistrate judge.  The magistrate judge then granted plaintiff's March 13, 2003 request to add the United States as a defendant.  In a July 20, 2005 Report, the magistrate judge recommended that this court grant the United States's motion to dismiss and deny several non-dispositive motions filed by plaintiff.[3]  Plaintiff has filed timely objections to the Report's recommendations.

---

[3] As described in the Report, these motions included: (1) "motion requesting of mediation and trial dates of a 90 day extension time and plaintiff's notice to the court that plaintiff did not receive the court's February 11, 2005 Order setting trial date and ordering mediation;" (2) "plaintiff's request for the court to appoint a mediator, waive all costs of plaintiff for the mediator as plaintiff is indigent, and to allow plaintiff to attend the mediation hearing by telephone;" (3) "request for pretrial conference and order for plaintiff to attend pretrial conference by telephone, and plaintiff's request for transcripts of pretrial conference;") (4) "plaintiff's objection and motion for reconsideration of the court's February 16, 2005 order and notice of conflict of interest between the magistrate and district judge;" (5) motion requesting the court to appoint a neutral orthopaedic specialist, neurologist and urologist as expert witnesses to assist the court in interpreting the complex scientific evidence that will be presented at trial;" (6) "issuance of subpoena forms," (7) "motion to stay plaintiff's motions," and (8) "motion for miscellaneous relief."

## II.     STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's Report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. Id. at 149-50; see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) (stating that "[w]hen a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision). General objections will not suffice to obtain judicial review of a magistrate judge's findings. Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991).

When the United States has challenged subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of persuasion on the jurisdictional issue because "the party who sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity." Williams v. U.S., 50 F.3d 299, 304 (4th Cir. 1995) (internal citations and punctuation marks omitted). The absence of such a waiver is a jurisdictional defect. Kulawy v. U.S., 917 F.2d 729, 733 (2d Cir. 1990). "In ruling on a Rule 12(b)(1) motion, the court may consider exhibits outside the pleadings." Id. When evaluating a motion to dismiss pursuant to Rule 12(b)(1), "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same

procedural protection as he would receive under a Rule 12(b)(6) consideration." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

### III.    PRO SE PETITIONS

Pro se complaints and petitions should be construed liberally by this court. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990).

### IV.    ANALYSIS

The July 20, 2005 Report concluded that the court lacked subject matter jurisdiction over the claims against the United States. A tort claim against the United States is barred unless presented in writing to the appropriate federal agency within two years after the claim accrues or unless the court action is begun within six months after the final agency decision. 28 U.S.C. § 2401(b). The Bureau of Prisons Central Office letter of December 28, 1999, concluding that the Bureau gave plaintiff proper medical treatment effectively exhausted his administrative remedies for his negligence claims. Plaintiff also received a letter from the Federal Bureau of Prisons Regional Office on October 12, 2000, denying his FTCA claim and stating that he "may file suit in the

appropriate United States District Court no later than six months after the date of the mailing of this letter." However, plaintiff waited until July 22, 2002 to file the complaint in this suit. The Report recommended that the court grant the United States's motion to dismiss the action as untimely. (Report at 4.)

The court concurs with the magistrate judge's recommendation. As discussed in the Report, the FTCA claim is time barred. Furthermore, the United States has not waived its sovereign immunity for constitutional torts. See Bivens, 403 U.S. at 140. The Bivens claim cannot lie against the United States.

Plaintiff contends that the filing of his complaint in C/A No. 02-2627 "relates back" to the date of his filing in C/A No. 01-239 (January 30, 2001), and therefore is timely pursuant to 28 U.S.C. § 2401(b). In certain circumstances, an amendment to a pleading relates back to date of the original pleading. Fed. R. Civ. P. 15(b). The original pleading in C/A No. 02-2627 was filed on July 22, 2002. The January 9, 2001 filing is not the "original pleading" in C/A No. 02-2627 because it was for a different case.

Plaintiff also argues that the court erred in C/A No. 01-239 by dismissing the FTCA/negligence claim. To the extent plaintiff raises objections that apply to his previous case (C/A No. 01-239), this court is without jurisdiction to address them. In that case, the court held the claim was premature because plaintiff filed his FTCA claim before exhausting his administrative remedies. (See Order of December 12, 2001 at 11.) The Fourth Circuit affirmed this ruling. However, this court subsequently noted in C/A No. 02-2627 that conclusion may have been in error:

> A review of Civil Action No. 2:01-239-18 reveals that the plaintiff
> may indeed have properly exhausted his administrative remedies as he

> alleges . . . .  The Houston v. Lack "delivery date" for Civil Action No.
> 2:01-239-18 was January 9, 2001.  The final decision of the Federal
> Bureau of Prisons was dated October 12, 2000.  The letter stated that the
> plaintiff had 6 months after "the date of the mailing of this notification" to
> file suit in the appropriate United States District Court.

(Amended Order, C/A No. 02-2627, at 4 n.1.)  However, plaintiff raised this objection in C/A No. 01-239 in his appeal to the Fourth Circuit and in a Rule 60(b) motion to this court.  In both instances, he was unsuccessful.

The court concurs with the Report's resolution of the remaining non-dispositive motions.  The magistrate judge determined these motions were either moot, premature or resolved at conference.  This court yields to the magistrate judge's familiarity with this action's proceedings.

## V.     CONCLUSION

For the reasons stated above, it is therefore **ORDERED** that defendant United States's motion to dismiss be **GRANTED.**

It is further ordered that the magistrate judge's disposition of plaintiff's non-dispositive motions be **AFFIRMED**.[4]

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**September 21, 2005
Charleston, South Carolina**

---

[4] Holford is the sole remaining defendant.

7